UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

THEATRES TROY JOHNSON,

        Petitioner,

v.                                               Case No. 05-CV-71164-DT

WARDEN WOLFENBARGER,

        Respondent.
_____/

**ORDER DISMISSING PETITION FOR WRIT OF MANDAMUS**

State inmate Theatres Troy Johnson ("Petitioner") has filed a petition for the writ of mandamus. The mandamus petition seeks to have Respondent discharge Petitioner from custody on the basis of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, __ U.S. __, 124 S. Ct. 2531 (2004). Petitioner argues that there was a radical defect in the legislative enactment of Mich. Comp. Laws § 766.13, which reads:

> If it shall appear to the magistrate at the conclusion of the preliminary examination either that an offense has not been committed or that there is not probable cause for charging the defendant therewith, he shall discharge such defendant. If it shall appear to the magistrate at the conclusion of the preliminary examination that a felony has been committed and there is probable cause for charging the defendant therewith, the magistrate shall forthwith bind the defendant to appear before the circuit court of such county, or other court having jurisdiction of the cause, for trial.

Mich. Comp. Laws § 766.13

Petitioner contends that his bindover to state circuit court on charges of first-degree murder and other offenses was improper and, therefore, the trial court lacked jurisdiction to try him, and the subsequent judgment was void. Petitioner further

contends that, permitting the punishment for common-law murder to be elevated at the preliminary examination violates the Sixth Amendment guarantee to have a jury determine the facts.

Under the All Writs Act, 28 U.S.C. § 1651, "federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus." *Haggard v. Tenn.*, 421 F.2d 1384, 1385 (6th Cir. 1970). However,

> [t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.

*Pennsylvania Bureau of Corr. v. United States Marshal Serv.*, 474 U.S. 34, 43 (1985).

The habeas corpus statutes provide a remedy for prisoners who are unconstitutionally detained, and Petitioner has already failed to show entitlement to habeas relief under 28 U.S.C. § 2254. *See Johnson v. Cason*, No. 02-73546 (E.D. Mich. Dec. 10, 2003) (Roberts, J.). He may not circumvent the provisions governing second or successive habeas petitions, 28 U.S.C. § 2244(b), by seeking habeas relief under the All Writs Act. *See United States v. Barrett*, 178 F.3d 34, 57 (1st Cir. 1999) (stating that "[f]ailure to raise an available claim [in a first petition for post-conviction relief under 28 U.S.C. § 2255] does not permit an end-run around the requirements of § 2255 by resort to [28 U.S.C.] § 2241 or the All Writs Act"). The fact that § 2244(b) may bar Petitioner from filing a second habeas corpus petition does not make the habeas statutes any less controlling. *See id*. at 55.

The petition for writ of mandamus [Dkt. # 1] is DISMISSED summarily.

    S/Robert H. Cleland          
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 8, 2005, by electronic and/or ordinary mail.

    S/Lisa G. Teets          
Case Manager and Deputy Clerk
(313) 234-5522

copy mailed to:      Theatres Johnson, #247924
                            Macomb Correctional Facility
                            34625 26 Mile Road
                            New Haven, MI 48048-3000